IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC CLERK, FLORENCE, SC

2006 APR 19 1 A 8: 08

| | | |
|---|---|---|
| Tony LaCarter, | ) | C.A. No. 2:05-2359 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| George Gintoli, Director, South Carolina | ) | |
| Department of Mental Health; John | ) | |
| Connery, South Carolina Department of | ) | |
| Mental Health; Jonathan Ozmint, Director | ) | |
| of South Carolina Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action, seeking relief pursuant to Title 42, United States Code, Section 1983, was filed by Plaintiff Tony LaCarter ("Plaintiff") on August 16, 2005.  (Doc. # 1).  The Plaintiff filed a motion for summary judgment on October 27, 2005. (Doc. #10). Defendants George Gintoli, John Connery, and Jonathan Ozmint ("Defendants") replied to the Plaintiff's motion, and filed their own motion for summary judgment and supporting memorandum, on November 29, 2005. (Docs. #13, #14). As the Plaintiff is proceeding *pro se*, an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on December 1, 2005, advising the Plaintiff of the importance of a motion for summary judgment. (Doc. #16). The Plaintiff was specifically advised that he had 34 days to respond and that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case.  Id.  The Plaintiff failed to respond. On January 9, 2006, the Magistrate Judge signed an order stating the Plaintiff shall have 10 days to notify the court as to whether he wished

1

to continue to prosecute his case. The Plaintiff was specifically advised that if he failed to respond, his case would be dismissed for failure to prosecute. The Plaintiff did not respond to this order. On January 25, 2006, the Magistrate Judge issued a Report and Recommendation in this case recommending that this action be dismissed with prejudice for the Plaintiff's failure to prosecute. (Doc. # 18). To date, the Plaintiff has filed no objections to the Magistrate Judge's Report and Recommendation. This matter is now before the Court upon the Magistrate Judge's recommendation in his Report that this action be dismissed with prejudice for lack of prosecution.

This Court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, and for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #18), and this action is dismissed with prejudice for lack of prosecution by the Plaintiff.

**IT IS SO ORDERED.**

Terry L. Wooten
United States District Judge

April 18, 2006
Florence, South Carolina

2